**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  CLAUDIA CLAGG, )<br>)<br>    Plaintiff, )<br>) Case No. 18-cv-87-CVE-FHM<br>v. )<br>)<br>1.  SAM'S EAST, INC. d/b/a SAM'S CLUB, ) *Jury Trial Demanded*<br>a Foreign For Profit Business Corporation, )<br>) *Attorney Lien Claimed*<br>    Defendant. ) | |

**COMPLAINT**

**COMES NOW** Claudia Clagg, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, MCMURRAY ‖ KEESLING, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Claudia Clagg, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant Sam's East, Inc., at all times relevant to the claims alleged herein, upon information and belief, was and is a foreign for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C. § 2000e(b), and owns and operates a

Sam's Club Store located at 6922 South Mingo Road in the City of Tulsa, County of Tulsa, State of Oklahoma.

5. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6. Plaintiff Claudia Clagg incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant Sam's Club within the meaning of 42 U.S.C.A. § 2000e(f), working in the capacity of "Cashier," or in the alternative, "Customer Service."

8. Plaintiff is and was a member of a legally recognized protected class, i.e. female.

9. Plaintiff began her employment with the Sam's Club store on 6922 South Mingo Road on or about May 12, 2016.

10. Plaintiff was hired to the position of "Cashier."

11. Prior to working at this Sam's Club, Plaintiff had substantial experience in customer service in retail settings, including positions with Walmart, which is under the same corporate umbrella as Sam's Club.

**A.    *Facts Pertaining to Hostile Work Environment:***

12. On or about July 8, 2016, Plaintiff was at work at Sam's Club.

13. On that date, Plaintiff requested permission from her Supervisor /Team Leader, a female named "Marina," to move a set of speakers closer to her work site.

14. Marina granted her consent to Plaintiff's request.

15. However, a male co-worker, named Forrest Dalton, Jr. ("Dalton"), took exception to the moving of the speakers.

16. In the course of the dispute, Dalton forcefully grabbed Plaintiff's arm, causing Plaintiff physical pain and fear.

17. Plaintiff reported the incident to Front End Manager, Cynthia McGrath.

18. In response to Plaintiff's complaint, Plaintiff was advised that Dalton had been verbally admonished under Sam's policies, i.e., "coached."

19. However, Dalton continued to subject Plaintiff to verbal abuse associated with derogatory terms for females, specifically the terms "bitch" and "cunt."

20. Plaintiff verbally reported this conduct to the store's Personnel Coordinator, Brigitte Dyer.

21. However, Ms. Dyer appeared to do nothing about Plaintiff's complaints, but would only state that she (Dyer) would take up the matter with Store Manager Justin Thiel.

22. On or about September 2, 2016, in response to Dalton yet again referring to Plaintiff as a "bitch" in her workplace, Plaintiff met with Thiel and Dyer.

23. In the meeting, Plaintiff reiterated her complaints about Dalton and made clear that she was offended by his comments, which also incited fear in Plaintiff.

24. Justin Thiel responded dismissively, stating that he had "a store to run," and further, did not have time "to deal with people who act like they are in high school."

25. Accordingly, Plaintiff deduced that nothing was going to be done about the hostile work environment created by her co-worker, Forrest Dalton, Jr.

26. Consequently, Plaintiff constructively discharged from her position at Sam's Club.

### B.     *Facts Pertaining to Disparate Treatment Discrimination:*

27.     During the course of her employment at Sam's Club, Plaintiff inquired of the Meat Department Manager, a male named "Don," regarding any open positions in his department.

28.     In response, Don simply stated he had no positions available.

29.     Don did not inquire into Plaintiff's background or experience.

30.     Also present was a male employee named "Sean."

31.     When Sean heard Don's response to Plaintiff, Sean stated his disappointment that there were no positions available in the Meat Department.

32.     Sean advised that he had prior experience at Warehouse Market in its meat department, and was hopeful of obtaining a similar position.

33.     Meat Department Manager Don immediately expressed his interest in having Sean work in the Sam's Club Meat Department, advising Sean to meet with him later to discuss a position in the Meat Department.

34.     Upon hearing Don's response to Sean, Plaintiff asked why she was simply told there were no available positions in the Meat Department.

35.     Meat Department Manager Don responded, "Because I didn't think you could handle [a Meat Department position]."

36.     Similarly, in another incident, Plaintiff inquired about a then existing opening in the Books Department with a Supervisor, a male named "Aaron."

37.     Aaron confirmed that a position was open and addressed an Assistant Store Manager, a male by the name of "Greg," about Plaintiff filling that position.

38. Assistant Store Manager Greg immediately dismissed the idea, stating that the position involves "heavy lifting."

39. Further, Assistant Store Manager Greg stated Plaintiff was more suited to a cashier's position at Quik Trip, because, according to Greg, said position did not involve lifting.

40. In each of the instances described above (Meat Department and Books Department), the applicable Manager dismissed Plaintiff's application for apparently open positions due to stereotypes regarding the relevant physical capabilities of females.

C.   *Plaintiff's Compliance with Administrative Exhaustion:*

41. Plaintiff submitted her complaint in the form of a Uniform Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"), by and through counsel, on or about September 6, 2016.

42. Plaintiff executed and submitted her Charge of Discrimination to EEOC on or about November 3, 2016.

43. EEOC issued its "Dismissal and Notice of Rights," or "Right to Sue Letter," on November 28, 2017, which was received by Plaintiff's counsel on November 30, 2017.

44. Consequently, this Complaint is being filed within ninety (90) days of receipt of the "Right to Sue Letter," in conformity with the applicable statute.

**FIRST CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION / HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C. §§ 2000e** *et seq.*
**AS TO DEFENDANT SAM'S CLUB**

45. Plaintiff Claudia Clagg incorporates paragraphs 1 through 44 herein as if fully set forth verbatim.

46. Plaintiff Claudia Clagg, was an employee of Sam's East, Inc. /Sam's Club.

47. Plaintiff Claudia Clagg was subjected to repeated instances of unwelcome and offensive conduct and commentary in her workplace by a male co-worker.

48. The unwelcome and offensive commentary and conduct were directed at Plaintiff on the basis of her sex, female.

49. The unwelcome and offensive commentary and conduct created a hostile work environment for Plaintiff.

50. Plaintiff perceived her workplace to be hostile on the basis of the unwelcome and offensive commentary and conduct by her male co-worker.

51. Plaintiff complained about the commentary and conduct to supervisory and management personnel at Sam's Club, including (ultimately) the store's General Manager, Justin Thiel.

52. Justin Thiel's response demonstrated that Sam's Club would not act to remediate the circumstances complained of by Plaintiff.

53. As a result of the actions constituting a hostile work environment because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION / DISPARATE TREATMENT**
**TITLE VII, 42 U.S.C. §§ 2000e *et seq.***
**AS TO DEFENDANT SAM'S CLUB**

54. Plaintiff Claudia Clagg incorporates paragraphs 1 through 53 herein as if fully set forth verbatim.

55. Plaintiff Claudia Clagg, was an employee of Sam's East, Inc. /Sam's Club.

56. While employed by Sam's Club, Plaintiff inquired about a position with the Meat Department.

57. Plaintiff was advised by the male Meat Department Manager that no positions were open.

58. Plaintiff then heard the same male Meat Department Manager invite a male co-worker to apply for a position in the Meat Department after Plaintiff was told there were no positions available.

59. The Meat Department Manager stated to Plaintiff his belief that Plaintiff could not handle a position in the Meat Department.

60. The Meat Department Manager did not consider Plaintiff for a position in the Meat Department based upon stereotypes associated with Plaintiff's sex, female.

61. Plaintiff also inquired regarding an open position in the Books Department.

62. A male Assistant Store Manager refused to consider Plaintiff for the position because the position involved "heavy lifting."

63. Again, Plaintiff was denied consideration for a position by a male in a position of authority based upon stereotypes associated with Plaintiff's sex, female.

64. Accordingly, Plaintiff was unlawfully denied employment opportunities on the basis of her sex, female.

65. As a result of the actions constituting unlawful disparate treatment because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

**THIRD CAUSE OF ACTION**
**CONSTRUCTIVE DISCHARGE**
**TITLE VII, 42 U.S.C. §§ 2000e *et seq.***
**AS TO DEFENDANT SAM'S CLUB**

66. Plaintiff Claudia Clagg incorporates paragraphs 1 through 65 herein as if fully set forth verbatim.

67. Plaintiff Claudia Clagg, was an employee of Sam's East, Inc. /Sam's Club.

68. As alleged above, Plaintiff was subjected to a hostile work environment on the basis of her sex, female.

69. Plaintiff complained to the Store Manager, Justin Thiel, about the unwelcome and offensive conduct directed at Plaintiff by a male co-worker.

70. In response, Store Manager Justin Thiel made clear to Plaintiff that he did not take Plaintiff's complaints seriously.

71. Further, Store Manager Justin Thiel made clear to Plaintiff that he would not address the unwelcome and offensive commentary and conduct about which Plaintiff complained.

72. As a result, Plaintiff's working conditions became and remained so intolerable that a reasonable person in Plaintiff's position would have no alternative but to resign.

73. As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, Plaintiff's rights were violated, causing her injury.

### PUNITIVE AND EXEMPLARY DAMAGES

74. Plaintiff Claudia Clagg incorporates paragraphs 1 through 73 herein as if fully set forth verbatim.

75. The acts and omissions by Defendant Sam's Club, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

76. As a direct result of Defendant Sam's Club's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and

sufficient to deter others similarly situated from like behavior, subject to applicable statutory caps.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Claudia Clagg prays this Court will grant to her the following relief:

A. Judgment against Defendant Sam's Club in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Punitive damages against Defendant Sam's Club where permitted by law;

C. Order Defendant Sam's Club to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**MCMURRAY || KEESLING**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74137
(918) 998-9350 – Telephone
(918) 998-9360 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Claudia Clagg***